<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| TEARA NELSON,<br><br>      *Plaintiff*,<br><br>      v.<br><br>SKINFIX INC. and SEOPHIRA USA, INC.,<br><br>      *Defendants*. | Civil Action No. 25-2319<br><br>**OPINION**<br><br>March 10, 2026 |

**SEMPER**, District Judge.

      **THIS MATTER** comes before the Court on Defendant Skinfix Inc.'s ("Defendant" or "Skinfix") motion to dismiss *pro se* Plaintiff Teara Nelson's Complaint (ECF 15, "MTD") and motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. (ECF 14, "Mot.") Plaintiff filed an opposition to Defendant's motions (ECF 25, "Opp.") and Defendant filed a reply. (ECF 29, "Reply".) The Court reviewed the submissions made in support of and in opposition to the motions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's motion for sanctions is **DENIED** and Defendant's motion to dismiss is **GRANTED**.

    **I.**      **<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>[1]**

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1), Defendant's briefs in support of its motions (ECF 14, 15) and the attached exhibits (ECF 14-3), Plaintiff's opposition papers (ECF 25), and Defendant's reply brief (ECF 29). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

The instant action arises out of Plaintiff's allegation that Defendant has used her image without permission in a single piece of promotional material for a skincare product of Skinfix. Plaintiff filed her Complaint on April 3, 2025, seeking $150 million in damages for the purported "unauthorized use" of her image. (ECF 1, "Compl." at 3.) Defendant contends that "the woman picture in the at-issue promotional piece *is not Plaintiff*." (Mot. at 1) (emphasis in original.) Defendant claims that it has "provided uncontroverted evidence to Plaintiff, both before and after she filed this lawsuit" that the woman pictured "is an individual who expressly authorized Skinfix to use her image in promoting Skinfix products." (*Id.*) Plaintiff has "repeatedly refused to provide evidence of what she looks like, or any basis for her claim that the woman pictured in the promotional piece is her." (*Id.*)

Plaintiff's Complaint alleges that on February 19, 2025, she "discovered that [her] image was being used in an advertisement by Skinfix . . . without [her] permission" to promote a Skinfix skincare product. (Compl. at 3.) Specifically, she claims her sister saw the Skinfix Display "in the Sephora store at Willowbrook Mall in Wayne, New Jersey" that "featured [Plaintiff's] image." (*Id.*) Plaintiff alleges that her request to remove the at-issue image "was ignored by Sephora" and that "Skinfix responded by claiming they had rights to [her image] and requested that [Plaintiff] provide identification" to show what Plaintiff looked like. (*Id.*) Plaintiff alleges that this "situation has caused significant mental and emotional strain, including difficulty sleeping, heightened stress, and ongoing anxiety" and that "the distress has negatively impacted [her] overall well-being and daily functioning." (*Id.* at 4.) Based on these allegations, Plaintiff demands monetary damages of $100 million from Skinfix and $50 million from Sephora. (*Id.*) Plaintiff's Complaint does not include an image of the advertisement or any images showing what Plaintiff looks like.

2

Plaintiff brings two claims under the Lanham Act, 15 U.S.C. § 1125(a), "which governs false advertising and the misuse of trademarks and images in commercial advertising." (Compl. at 2.) Additionally, Plaintiff asserts that Defendant's use of her likeness "may violate Federal Trade Commission (FTC) regulations concerning deceptive advertising practices." (*Id.*) Thus, viewing the pleadings in the most favorable light, Plaintiff is also bringing a claim for violating Section 5 of the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1).

## II.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions

disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec.13, 2010).

### III.   ANALYSIS

#### A.   12(b)(6)

To begin, Plaintiff has provided no evidence to support her allegations that her "image was being used in an advertisement by Skinfix Inc. and Sephora USA Inc. without [her] permission." (Compl. at 3.) Defendant maintains that "the images at issue are not of Plaintiff." (Mot. at 11.) Defendant includes copies of the original images submitted by the individual in the Skinfix display as exhibits to its motion. (*See* ECF 14-3, "Ex. 1" at 4.) Defendant provided this information to Plaintiff and sent Plaintiff Skinfix's correspondence with the individual shown in the Skinfix display in which that individual writes: "I can 100% say that this is me in the content, and is MY content." (ECF 14-3, "Ex. D".) Plaintiff responds in opposition that she has only been provided with "redacted correspondence, which cannot be independently verified." (Opp. at 1-2.) However, the only information redacted in that correspondence is the name of the individual and where she was living, understandably to protect her privacy. Plaintiff's argument is therefore unavailing; it can be readily gleaned from this correspondence (including the photos she attached) that this individual is the woman who appears in the Skinfix display.

Despite the fact that Skinfix investigated Plaintiff's claim and provided her with written communication and photographs from the individual who actually does appear in the display, Plaintiff has refused to provide proof of what she looks like or why she incorrectly believes she is

4

the individual who appears in the Skinfix display.  Even viewing the pleadings in the light most favorable to the non-moving party, Plaintiff has failed to state a claim for relief, because she cannot establish that it is her likeness in the complained-of image.

Furthermore, it is well-established that there is no private cause of action under the FTCA. *See Baymont Franchise Sys., Inc. v. Bernstein Co.*, 2021 WL 2935426, at *9 (D.N.J. July 13, 2021) ("[T]here is no private cause of action under the Federal Trade Commission Act or regulations promulgated thereunder.").  Section 5 of the FTCA can only be enforced by the FTC.  *See Sandoz Pharms. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 231 (3d Cir. 1990) (noting that neither the Federal Drug Administration nor the Federal Trade Commission's "constituent statutes creates an express or implied private right of action."); *Palermo Gelato, LLC v. Pino Gelato, Inc.*, 2013 WL 285547, at *6 (W.D. Pa. Jan. 24, 2013) ("It is well settled that § 5 of the FTCA . . . may only be enforced by the FTC, and does not create a private cause of action.")

Accordingly, the Court must dismiss the claims in Plaintiff's Complaint.  This dismissal will be without prejudice, to allow Plaintiff *one final* opportunity to provide this Court with credible evidence to support her claims.  *See Washington v. U.S.P. Canaan Kitchen/FBOP*, No. 15-849, 2015 WL 4663188, at *1 (M.D. Pa. Aug. 6, 2015) ("Having concluded that this pro se complaint was flawed in profound ways, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety") (citing *Fletcher–Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir.2007)).  If Plaintiff fails to amend her Complaint in accordance with this Opinion and direction, the entirety of her Complaint will be dismissed with prejudice.  *See Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (affirming dismissal of action with prejudice where pro se plaintiff was "expressly warned" that failure to

5

amend his complaint "in accordance with the Federal Rules of Civil Procedure" would result in dismissal with prejudice); *see also In re Westinghouse Securities Litigation*, 90 F.3d 696, 704 (3d Cir.1996) (same).

### B. Rule 11

Federal Rule of Civil Procedure 11(b) states:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If a party or its counsel violates this provision, the opposing party may move for the imposition of sanctions, which may include nonmonetary directives or an order directing payment to the movant of "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," among others. Fed. R. Civ. P. 11(c).

It is well-settled under Rule 11 that sanctions are to be applied "only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (internal quotations and citation omitted). Rule 11's "primary purpose is not wholesale fee shifting but [rather] correction of litigation abuse." *Id.* (internal quotations and citation omitted). "Moreover, the guiding purpose

6

in fixing Rule 11 sanctions is fashioning a sanction adequate to deter undesirable future conduct." *DiPaolo v. Moran*, 407 F.3d 140, 146 (3d Cir. 2005). Therefore, when considering a sanctions motion, it is clear that "the main purpose of Rule 11 is to deter, not to compensate." *Id.* at 145 (citing *Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania*, 103 F.3d 294, 301 (3d Cir. 1996)). Further, "[t]he language of Rule 11 evidences the critical role of judicial discretion" in making sanctions determinations. *Id.* (quoting *Doering*, 857 F.2d at 194). Thus, "caselaw construing Rule 11 sanctions is marked by a single overarching principle; namely, when in doubt, one should decline to sanction parties." *McCarthy v. Minnesota Laws. Mut. Ins. Co.*, No. 23-450, 2023 WL 4636889, at *4 (M.D. Pa. July 19, 2023).

"Although a *pro se* complaint is held to less stringent standards than a complaint drafted by a lawyer, *pro se* parties are not excused from the requirements of Rule 11. Nevertheless, the court may take a party's pro se status into account when considering Rule 11 sanctions." *Miller v. Lancaster Cnty.*, No. 24-14, 2025 WL 675451, at *4 (M.D. Pa. Mar. 3, 2025) (internal citation omitted) (declining to impose monetary sanctions under Rule 11 because plaintiff "is a *pro se* litigant whose misguided zeal appears to far exceed his legal acumen.")

In considering Defendant's motion for sanctions, the Court is mindful that "the main purpose of Rule 11 is to deter, not to compensate." *DiPaolo v. Moran*, 407 F.3d 140, 145 (3d Cir. 2005) (citing *Zuk v. E. Pennsylvania Psychiatric Inst. of the Med. Coll. of Pennsylvania*, 103 F.3d 294, 301 (3d Cir. 1996)). The Court does not conclude that this is the "exceptional circumstance" where sanctions are warranted because "a claim or motion is patently unmeritorious or frivolous." *Doering*, 857 F.2d at 194. Given Plaintiff's status as a *pro se* litigant, and that she has not submitted any other frivolous motions or filings, the Court will not impose sanctions at this juncture. *See Renex NY Corp. v. Supply Depot LLC*, No. 23-00489, 2023 WL 4580965, at *5

7

(D.N.J. July 18, 2023) (citation omitted) ("The imposition of Rule 11 sanctions is at the discretion of the district court."). However, Plaintiff is warned that filing a baseless claim in her Amended Complaint without any indicia of proof or corroboration may result in the imposition of sanctions, and as stated above will certainly result in dismissal with prejudice. For now, the Court only issues this warning to Plaintiff.

### IV.    <u>CONCLUSION</u>

For the reasons stated above, Defendant's motion to dismiss (ECF 60) is **GRANTED**. Plaintiff's Complaint (ECF 1) is **DISMISSED** without prejudice. Plaintiff will be afforded one last opportunity to amend her Complaint to provide evidence to substantiate her claims, which must be filed within thirty (30) days. Failure to do so will result in dismissal of her Complaint with prejudice. Defendant's motion for sanctions (ECF 14) is **DENIED**. An appropriate order follows.

*/s/ Jamel K. Semper*

**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Jose R. Almonte, U.S.M.J.
       Parties

8